# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **ROBERT V. LINNEY** | )    **Chapter 7** |
| | )    **Case No.  13-12136-FJB** |
| **DEBTOR** | ) |
| | ) |

## MOTION OF NORTH EASTON SAVINGS BANK
## FOR RELIEF FROM AUTOMATIC STAY

Now comes North Easton Savings Bank, a secured creditor in the above-captioned proceeding, by and through its undersigned counsel, and move for relief from the automatic stay pursuant to 11 U.S.C. 362(d)(1) of the Bankruptcy Code (the "Code"), Bankruptcy Rules 4001 and 9014 and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts, for relief from automatic stay in order to proceed with

## FACTS

1.     Robert V. Linney, is an individual and record owner of the property located at 9 Buena Vista Drive, Unit 9B, Park Place Condominium, Franklin, Massachusetts (the "Property") and a mailing address of  40 Mechanic Street, # 301, Foxboro, Massachusetts

2.     North Easton Savings Bank ("North Easton"), a secured creditor, has a principal place of business located at 295 Main Street, North Easton, Massachusetts 02356.

3.     The Debtor filed a Chapter 7 proceeding on April 15, 2013.

4.     On or about April 2, 2004, the Debtor, Robert V. Linney and Nancy C. Linney[1] executed and delivered to North Easton, a Note in the original amount of $218,000.00 (the "Note") for the property located at 9 Buena Vista Drive, Unit 9B, Franklin, Massachusetts.  The Note has not been assigned and North Easton remains the holder.

---

[1] A non-debtor former spouse.

5.      Simultaneously therewith, as security for the obligations under the Note, the Debtor executed and delivered to North Easton a mortgage (the "Mortgage") on the Property. The Note is secured by a mortgage dated April 2, 2004 and recorded with the Norfolk Registry of Deeds at Book 20788, Page 169[2].  See Exhibits A and B.

6.      On or about November 15, 2006, the Debtor, Robert V Linney and Nancy C. Linney, the non-debtor former spouse, executed and delivered to North Easton, a Mortgage in the original amount of $6,019.00 (the "Mortgage") for the property located at 9 Buena Vista Drive, Unit 9B, Franklin, Massachusetts. The Mortgage is recorded with the Norfolk Registry of Deeds at Book 24377, Page 540.  The Note secured by the Mortgage has been satisfied.

7.      On or about June 12, 2007, the Debtor and Nancy C. Linney executed and delivered to NationsHeritage FCU, and now known as Harborone Credit Union, a Note secured by a second mortgage on the Property. The Debtors Schedule D reflects that the Note is outstanding in the sum of $13,229.00 and held by HarborOne Credit Union. The mortgage is recorded with the Norfolk Registry of Deeds at Book 24939, Page 571.

8.      There are liens recorded against the Property by the United States of America. Two of the liens were recorded on April 14, 2008 with the Norfolk Registry of Deeds at Book 25677, Page 167 and Book 25677, Page 168.  A third lien was recorded on February 5, 2009 with the Norfolk Registry of Deeds at Book 26322, Page 318 and a Release of lien filed.  The liens of record reflect outstanding obligations of $135,268.86 and $83,163.41. The Debtors' Schedules reflect that there are outstanding claims to the IRS due to the Debtor's assessment as a Responsible Party in connection with 940 and 941 tax claim obligations but fail to provide an actual figure.

---

[2] Pursuant to the Separation and Property Settlement Agreement entered in connection with Norfolk Probate Court Civil Action 05D1437-DV, the  real estate located at 9 Buena Vista Drive was conveyed to the Debtor on September 20, 2010.

9.      The Trustees of Park Place Condominium Trust (hereafter "Park Place") commenced suit against the Debtor for nonpayment of common expenses and on February 5, 2013 a lien was recorded at the Norfolk Registry of Deeds at Book 31003, Page 563 establishing the priority of the Park Place obligation in accordance with M.G.L.183A, §6(c ).[3]

10.     The Town of Franklin is owed sums in connection with Real Estate tax obligations and Water and Sewer and Trash obligations pursuant to the Debtors Schedules in the sum of approximately $3,320.12.

11.     There is a recorded Homestead on the premises.

12.     There is no other collateral to secure the obligation.

13.     On or about April 15, 2013, the Debtor filed a Chapter 7 petition (the "Petition Date") commencing the present case.

14.     As of the filing date, the claim was outstanding in the sum of $203,284.06 and the pre-petition arrearages were in the sum of $17,477.25.

15.     According to the Debtors Schedules, the fair market value of the subject property is $168,000.00.  The liquidation value of the subject property is calculated as $168,000.00, less a reasonable realtor's fee (5%) of $8,400.00, deed tax stamps of $766.08, and anticipated closing costs for real estate closing estimated at $500.00 for an approximate liquidation value of $158,333.92.  After subtraction of the secured encumbrances, the Debtor has no equity in the Franklin Property.

16.     The Debtor has failed to remain current with the payments to North Easton Savings Bank.

---

[3] Park Place Condominium Trust filed a Motion for Relief from Stay on April 29, 2013, Docket No. 11.

17.     As a result of this motion, attorney's fees and costs of approximately $750.00 have accrued.  This figure shall increase as additional attorney's fees and costs continue to accrue. The total arrearages through the anticipated hearing on this motion would also include any additional monthly mortgage payments in which payments are due on the first day of every month and late charges which accrue on the sixteenth of every month.  The post-petition arrearage would also include any additional expenses, attorney's fees and costs that accrue from the date of the filing of this motion through the date of the hearing.

18.     The Movant seeks relief from the stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the Movant states that it is entitled to relief pursuant to 11 U.S.C. §362(d)(1) for cause on the basis that the debtor has failed to make timely payments and that the debtor has failed to provide the Movant with adequate protection.

19.     The Movant is entitled to relief from stay for cause pursuant to 11 U.S.C. §362(d)(2) for cause on the basis that the Debtor and his non-debtor spouse have no equity in the Property and the Property is not necessary for an effective reorganization and as there is no reorganization in prospect.

WHEREFORE, North Easton Savings Bank respectfully requests that this Honorable Court grant relief from the automatic stay for the purpose of (i) exercising its rights under its agreements with the Debtor and under applicable law, including without limitation, taking possession of the mortgaged premises and conducting a foreclosure of its mortgage on said

premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and

federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including without

limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order

such other relief as the Court deems just and proper.

Respectfully submitted,
North Easton Savings Bank


/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
nparker@ninaparker.com
Kate E. Nicholson (BBO #674842)
knicholson@ninaparker.com
Parker & Associates
10 Converse Place
Winchester, MA  01890
(781)729-0005

DATED:        April 30, 2013

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **ROBERT V. LINNEY** | )    **Chapter 7** |
| | )    **Case No.  13-12136-FJB** |
| **DEBTOR** | ) |

_____)

### CERTIFICATE OF SERVICE

I, Nina M. Parker, hereby certify that I have given either electronic notice and/or mailed,

postage prepaid a copy of the **Motion of North Easton Savings Bank for Relief from the**

**Automatic Stay** on the parties listed on the annexed service list.


/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
nparker@ninaparker.com
Kate E. Nicholson (BBO #674842)
knicholson@ninaparker.com
Parker & Associates
10 Converse Place
Winchester, MA  01890
(781)729-0005


DATED:        April 30, 2013

## Electronic Mail Notice List

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Jeremy Kay    jkay@jkaylaw.com
- Stephen K. Midgley    midgleylaw@verizon.net
- Nina M. Parker    nparker@ninaparker.com,
  rgorski@ninaparker.com;knicholson@ninaparker.com;aprilp@ninaparker.com
- Lynne F. Riley    rileytrustee@casneredwards.com,
  MA14@ecfcbis.com;luo@casneredwards.com

## Manual Notice List

Glenn R. Breese,
Assistant Vice President & Loan Officer
North Easton Savings Bank
20 Eastman Street
South Easton, MA 02375

Robert V. Linney
40 Mechanic Street, #301
Foxboro, MA  02035

Harborone Credit Union
f/k/a Nationsheritage Federal Credit Union
607 Pleasant Street
P.O. Box 779
Attleboro, MA  0273

Attorney General of
 The United States of America
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

United States Attorney
United States Courthouse
One Courthouse Way, Ste, 9200
Boston, MA  02210